# EXHIBIT 1

# Fayette County Prothonotary

1/17/2023                    Prothonotary Case Details Report                    1 of 2

## 2022-02363      ALINA J DINERT vs RED LOBSTER RESTAURANTS

### Case Information

| | | | |
|---|---|---|---|
| Reference No.: | NO. 2363 OF 2022 GD | Filing Date: | 12/8/2022 9:52:00 AM |
| Case Type: | TORT-OTHER | Execution Date: | |
| Judgment Amt: | $0.00 | | |
| Judge Assigned.: | CORDARO LINDA | Jury Trial: | |
| Disposed Desc.: | | Disposed Date: | |
| Higher Court 1: | | Higher Court 2: | |
| Case Comments: | | | |

### General Index Parties

| Name | Type | Attorney |
|---|---|---|
| DINERT ALINA J<br>205 COPE RD<br>PERRYOPOLIS, PA  15473 | Plaintiff | TAMASY DAVID D<br>720 VANDERBILT RD<br>CONNELLSVILLE, PA  15425 |
| RED LOBSTER RESTAURANTS LLC<br>1001 STATE ST #1400<br>ERIE, PA  16501 | Defendant | STACH ALYSA F<br>1735 MARKET STREET STE 3300<br>PHILADELPHIA, PA  19103<br>Phone: (215) 564-5768 |
| EL AYAZRA SAM<br>NOT LISTED | Defendant | No Attorney on File |

### Judgment Index Parties

| Name | Amount | Date | Description |
|---|---|---|---|
| No Judgment Entries on File. | $0.00 | 1/1/0001 | |

### Docket Entries

| Date | Entry Description |
|---|---|
| 1/13/2023 | NOTICE OF RULE 236 NOTICE PROVIDED/MAILED TO PARTIES OF RECORD |
| 1/13/2023 | ORDER GRANTING EMERGENCY MOTION FOR EXTENSION OF TIME FILED AT 8:34 A.M. FOR FULL PARTICULARS SEE ORDER FILED. ATTEST: NINA CAPUZZI FRANKHOUSER, PROTHY  BY THE COURT: CORDARO,J. SAME DAY COPIES ISSUED. |
| 1/10/2023 | EMERGENCY MOTION FOR EXXTENSION OF TIME TO RESPOND TO COMPLAINT PURSUANT TO PA.R.C.P. 1003 FILED AT 12:15 P.M. |
| 1/3/2023 | SHERIFF'S RETURN: FILED AT 10:21 AM |
| 12/8/2022 | COMPLAINT FILED AT 9:52 A.M. ISSUED TO SHERIFF. |

### Escrow Information

| Fees & Debits | Invoice | Payments | Balance |
|---|---|---|---|
| TAX ON CMPLT | $0.50 | $0.50 | $0.00 |

# Fayette County Prothonotary

Prothonotary Case Details Report

## 2022-02363      ALINA J DINERT vs RED LOBSTER RESTAURANTS

| Fees & Debits | Invoice | Payments | Balance |
|---|---|---|---|
| JCP FEE | $40.25 | $40.25 | $0.00 |
| DISC | $6.25 | $6.25 | $0.00 |
| AUTO FEE 2 | $5.00 | $5.00 | $0.00 |
| COMPLAINT FILED | $65.50 | $65.50 | $0.00 |
| Totals: | $117.50 | $117.50 | $0.00 |

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

Fayette _____ County

| For Prothonotary Use Only: |
|---|
| Docket No: |
| 2363 of 2022 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Alina J. Dinert | Red Lobster Restaurants, LLC |

**Are money damages requested?** ☒ Yes ☐ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a Class Action Suit?** ☐ Yes ☒ No    **Is this an MDJ Appeal?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: David D. Tamasy

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☒ Other:
  employment discrimination

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

## IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

### CIVIL ACTION – LAW

| | |
|---|---|
| ALINA J. DINERT, | No. 2863 of 2022 GI |
| | *TYPE OF PLEADING:* |
| Plaintiff, | |
| | COMPLAINT IN CIVIL ACTION |
| vs. | |
| | *Filed by and on behalf of:* |
| RED LOBSTER RESTAURANTS LLC, And SAM EL AYAZRA | |
| | PLAINTIFF |
| Defendants | |
| | *Counsel of record for this party:* |
| | DAVID D. TAMASY, ESQUIRE PA I.D. NO. 328770 |
| | WATSON MUNDORFF LLP 720 VANDERBILT ROAD VANDERBILT, PA 15425 PHONE: 724-200-4448 |
| | SHANE M. GANNON, ESQUIRE PA. I.D. # 314803 |
| | WATSON MUNDORFF, LLP 720 VANDERBILT ROAD CONNELLSVILLE, PA 15425 PHONE: 724-626-8882 shane@watsonmundorff.com |
| **JURY TRIAL DEMANDED** | |

FILED 2022 DEC -8 AM 9: 52 FAYETTE COUNTY PROTHONOTARY

# IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

## CIVIL ACTION – LAW

ALINA J. DINERT,

      Plaintiff,

  vs.

RED LOBSTER RESTAURANTS LLC,
And SAM EL AYAZRA

      Defendants.

No. 2363 of 2022 G

2022 DEC -8 AM 9: 52
FAYETTE COUNTY
PROTHONOTARY
FILED

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY

## <u>OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.</u>

PENNSYLVANIA LAWYER REFERRAL SERVICE
<u>PENNSYLVANIA BAR ASSOCIATION</u>
Name

**100 SOUTH STREET**
**P. O. BOX 186**
<u>**HARRISBURG, PA 17108**</u>
Address

**PHONE: 1-800-692-7375**

# IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

## CIVIL ACTION – LAW

ALINA J. DINERT,

      Plaintiff,

  vs.

RED LOBSTER RESTAURANTS LLC,
And SAM EL AYAZRA

      Defendants.

No. 2363 of 2022 GD

## COMPLAINT IN CIVIL ACTION

### I. PARTIES

AND NOW, comes the Plaintiff, Alina J. Dinart, by and through her attorneys, David D. Tamasy, Shane M. Gannon, and Watson Mundorff LLP, and files this, his Complaint in Civil Action averring as follows:

1. The Plaintiff, Alina J. Dinert, is an adult individual currently residing at 205 Cope Road Perryopolis, Fayette County, Pennsylvania, 15473.

2. The Defendant, Red Lobster Restaurants LLC, is a Delaware Foreign Limited Liability Company with a Registered Agent Office, Corporate Creations Network Inc., of 1001 State Street #1400, Erie, PA 16501.

3. The Defendant, Red Lobster Restaurants LLC, has a corporate address of 271 N Dupont Hwy, Dover, DE 19901.

4.  The Defendant, Red Lobster Restaurants LLC, operates a restaurant establishment located at 515 W Main Street Uniontown, PA 15401. Such location is a principal place of business for Defendant. Further, such company employs nearly 45,000.00 employees through the United States and around the world.

5.  The Defendant, Sam El Ayazra, is an adult individual and is believed to be residing in Fayette County, Pennsylvania.

## II. FACTUAL HISTORY

6.  The averments set forth in the foregoing Paragraphs of this Complaint are incorporated herein by reference as if set forth in full.

7.  On or about March 4, 2021, Plaintiff, at the time a minor child, was hired by Defendant, Red Lobster Restaurants LLC, as an employee, to the position of "food expeditor" and "service agent" at its Uniontown location.

8.  Plaintiff was directly interviewed, trained, and hired by Defendant, Sam El Ayazra, who acted on behalf of Red Lobster Restaurants LLC as its General Manager of the Uniontown location.

9.  During her initial interview Defendant, Sam El Ayazra, conveyed to Plaintiff that she would be hired for the positions above and would need to start immediately.

10. During such initial interview on March 4, 2021, Plaintiff was told by Defendant, Sam El Ayazra, to quickly fill out various forms of paperwork on a computer and that "the faster she signed such paperwork, the faster she could begin working."

11. Plaintiff, a minor child at the time, was not aware of the importance of such paperwork which she signed. Further, such paperwork was not explained to her by the Defendant, Sam El Ayazra, nor were the indicated methods of reporting sexual harassment in such workplace.

12. Plaintiff was not provided a copy of such employee handbook after completing such interview process.

13. Further, throughout Plaintiff's employment, no signs or notices were visible which would have directed Plaintiff to various resources for employees experiencing sexual harassment.

14. On or about March 19, 2021, Plaintiff noticed that Defendant, Sam El Ayazra, began to treat her differently than other employees.

15. On or about March 21, 2021, Defendant, Sam El Ayazra, began to offer Defendant free food and drink items from the restaurant in violation of the employee handbook. Defendant, Sam El Ayazra, did not offer such food and drink items to the other employees.

16. Additionally, on or about March 21, 2021, Defendant, Sam El Ayazra, began to kiss Plaintiff on the hand at various times during her shift despite Plaintiff's requests that he cease such behavior.

17. On or about April 1, 2022, Defendant, Sam El Ayazra, began to make additional advances against Plaintiff. During and after such time, Defendant began to grab Plaintiff's waist and touch her inappropriately.

18. On or about May 1, 2022, Plaintiff began to receive various text messages from Defendant, Sam El Ayazra, to her personal phone, requesting that she perform various sexual acts on him and further stated that he was infatuated with her.

19. Despite Plaintiff's request to cease his inappropriate conduct Defendant, Sam El Ayazra, stated that unless he could continue such conduct she would face serious consequences with regard to her employment situation.

20. On or about June 1, 2021, Defendant, Sam El Ayazra, began to grab Plaintiff's buttocks without her permission and continued such action despite her pleas to stop.

21. On or about August 1, 2021, Plaintiff was informed by Defendant, Sam El Ayazra, that because she had not told anyone of his sexual conduct, she would receive a "significant raise" as well as "additional tips".

22. Defendant, Sam El Ayazra, informed Plaintiff not to tell anyone, including other employees, of such a wage increase so that they "would not be jealous or suspicious".

23. From August 1, 2021, to September 17, 2021, Defendant, Sam El Ayazra, continued his unwanted sexual conduct against Plaintiff despite Plaintiff's pleas for him to cease such actions.

24. Throughout her employment, Defendant, Sam El Ayazra, was the sole general manager of the Reb Lobster Uniontown location. Plaintiff did not encounter any other supervisors during her tenure at such establishment.

25. On or about September 17, 2021, Plaintiff could no longer tolerate the conduct of Defendant, Sam El Ayazra, and did not return to work due to such hostile working conditions.

26. Soon after her resignation, Plaintiff conducted an online search of the Employer and its policies. Such a search revealed a phone number to report claims of sexual harassment in the workplace.

27. On or about September 20, 2021, Plaintiff contacted such number and reported the sexual conduct committed by Defendant, Sam El Ayazra. Agents of the Defendant, Red Lobster Restaurants LLC, took Plaintiff's information through a phone conversation.

28. Plaintiff was informed by an agent of the employer that such claims would be "looked into" and that someone "would be in touch".

29. Plaintiff never received any additional contact from Defendant, Red Lobster Restaurants LLC, or its agents.

30. Plaintiff was not offered her position back nor was she informed of the employment status of Defendant, Sam El Ayazra.

31. After speaking with various employees, it was revealed to Plaintiff that other employees that worked with Plaintiff experienced similar issues with Defendant, Sam El Ayazra, and such conduct made them feel uncomfortable.

32. It was later revealed by an agent of the Defendant, Red Lobster Restaurants LLC, that after such investigation, and denying any liability, the Defendant, Sam El Ayazra, was terminated from his position.

33. On or about May 23, 2022, Plaintiff filed a charge of discrimination with the Equal Opportunity Employment Commission and cross-filed such charge with the Pennsylvania Human Relations Commission. A true and correct copy of the charge is attached to this complaint as Exhibit A and is incorporated by reference.

34. On or about September 9, 2022, Plaintiff received a Notice of Right To Sue Letter from the Equal Opportunity Employment Commission. A true and correct copy of the notice is attached to this complaint as Exhibit B and is incorporated by reference.

35. At all times mentioned in this Complaint, Defendant, Sam El Ayazra, was employed by the defendant, Red Lobster Restaurants LLC, as a General Manager of its Uniontown location and was Plaintiff's immediate supervisor while she was employed.

36. Throughout Plaintiff's employment as Defendant's, Red Lobster Restaurants LLC, "Food Expeditor" and "Service Attendant", Defendant, Sam El Ayazra, repeatedly made degrading comments of a sexual nature to and about Plaintiff in an offensive manner,

touched Plaintiff in an unwelcome fashion, ordered Plaintiff not to speak to other employees with regard to such conduct, interfered with Plaintiff's personal life, leered at Plaintiff in a sexually suggestive fashion, attempted to display sexually suggestive pictures to Plaintiff, and made sexually suggestive comments about the pictures, all of which constituted unlawful sexual harassment on the basis of her sex.

**Count I-Violation of 42 U.S.C.A. § 2000e-2 (b)**
**Hostile Work Environment (Respondeat Superior)**
**Alina J. Dinert vs. Red Lobster Restaurants LLC**

37. The averments set forth in the foregoing Paragraphs of this Complaint are incorporated herein by reference as if set forth in full.

38. Under 42 U.S.C.A. § 2000e-2 (a)(1)(2):

It shall be an unlawful employment practice for an employer--

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C.A. § 2000e-2.

39. Under such act, an employer is defined as a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. See 42 U.S.C.A. § 2000e.

40. Further, under such act the term "employee" means an individual employed by an employer. See 42 U.S.C.A. § 2000e.

41. As stated previously, Defendant, Red Lobster Restaurants LLC, employs nearly 45,000.00 employees throughout the United States and around the world.

42. Moreover, Plaintiff was classified as an employee of such company, therefore, qualifying for such protections under 42 U.S.C.A. § 2000e.

43. Further, a Plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment. *Knabe v. Boury Corp.*, 114 F.3d 407 (3d Cir. 1997).

44. Federal Courts have opined that in order to bring a successful hostile work environment claim against an employer, the following elements must be met:

> (1) the employee suffered intentional discrimination because of the employee's sex;
> (2) the discrimination was pervasive and regular;
> (3) the discrimination detrimentally affected the plaintiff;
> (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and
> (5) respondeat superior liability existed.

*Frey v. Pennsylvania Airlines*, 859 F. Supp. 137 (M.D. Pa. 1992).

45. In the case at issue, Plaintiff suffered intentional discrimination because of her sex. As stated previously, throughout Plaintiff's employment as Defendant's, Red Lobster Restaurants LLC, "Food Expeditor" and "Service Attendant", Defendant, Sam El Ayazra, repeatedly made degrading comments of a sexual nature to and about Plaintiff in an offensive manner, touched Plaintiff in an unwelcome fashion, ordered Plaintiff not to speak to other employees with regard to such conduct, interfered with Plaintiff's personal life, leered at Plaintiff in a sexually suggestive fashion, attempted to display sexually suggestive pictures to Plaintiff, and made sexually suggestive comments about the pictures, all of which constituted unlawful sexual harassment on the basis of her sex.

46. In the case at issue, the discrimination against Plaintiff by the Defendants employee, Sam El Ayazra, was severe in nature and regularly occurred while Plaintiff was working her scheduled shifts.

47. In the case at issue, the discrimination against the Plaintiff by the Defendants employee, Sam El Ayazra, caused the Plaintiff to eventually resign from such employment and seek trauma therapy from a licensed therapist.

48. In the case at issue, such discrimination against Plaintiff would detrimentally affect a reasonable person of the same sex in that position. Moreover, Plaintiff endured such traumatic sexual conduct nearly each time she worked her shift.

49. In the case at issue, respondeat superior liability exists for Defendant, Red Lobster Restaurants LLC, because Defendant knew or should have known about such sexual conduct committed by Defendant Employee, Sam El Ayazra, against both Plaintiff and others. Moreover, Defendant, Red Lobster Restaurants LLC, failed to monitor Defendant's General Manager and failed to stop such sexual harassment.

50. Plaintiff alleges that by its failure to prevent or correct the discrimination and sexual harassment of Plaintiff by its agent and employee, as alleged above, Defendant, Red Lobster Restaurants LLC, acted to condone and ratify such conduct with the knowledge that such ratification would thus interfere with Plaintiff's employment and ability to continue her career with defendant Red Lobster Restaurants LLC.

51. As a result of Defendants' unlawful conduct as alleged in this complaint, Plaintiff was forced to terminate her employment with Defendant's employer, Red Lobster Restaurants LLC, resulting in the loss of substantial employment benefits with Defendant, including

lost wages, bonuses, and other losses, in an amount in excess of Fifty Thousand ($50,000.00) dollars, the precise amount of which will be proven at the time of trial.

52. As a further direct and proximate result of the Defendant's unlawful conduct, Plaintiff has suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time and the amount of damages caused thus is not yet fully ascertained but is in an amount in excess of Fifty Thousand ($50,000.00) dollars, the precise amount to be proven at the time of trial. Plaintiff claims that amount together with prejudgment interest pursuant to Under 42 U.S.C.A. § 2000e-2 or any other provision of law providing for prejudgment interest.

53. The conduct of Defendant, Red Lobster Restaurants LLC, as described in this complaint was oppressive, fraudulent, and malicious, thus entitling Plaintiff to an award of punitive damages in an amount appropriate to punish and make an example of Defendant.

WHEREFORE, Plaintiff requests judgment against Defendant, for:
A. Compensatory damages, including lost wages and benefits, and emotional distress damages, in excess of Fifty Thousand ($50,000.00) dollars and according to proof;
B. Punitive damages;
C. Prejudgment interest on all amounts claimed; and
D. Such other and further relief as the court considers just and proper.


## Count II-Violation of 43 P.S. § 955 (b) Hostile Work Environment (Respondeat Superior) Alina J. Dinert vs. Red Lobster Restaurants LLC

54. The averments set forth in the foregoing Paragraphs of this Complaint are incorporated herein by reference as if set forth in full.

55. Under 43 P.S. § 955 (b);

It shall be an unlawful discriminatory practice, unless based upon a bona fide occupational qualification, or in the case of a fraternal corporation or association, unless based upon membership in such association or corporation, or except where based upon

applicable security regulations established by the United States or the Commonwealth of Pennsylvania:

(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required.

43 Pa. Stat. Ann. § 955.

56. Under such statute, term "employer" includes the Commonwealth or any political subdivision or board, department, commission or school district thereof and any person or business entity employing four or more persons within the Commonwealth. 43 Pa. Stat. Ann. § 954.

57. Additionally, Plaintiff qualifies as an employee under such act.

58. Further, a Plaintiff may establish a violation of 43 P.S. § 955 by proving that discrimination based on sex has created a hostile or abusive work environment. *Knabe v. Boury Corp.,* 114 F.3d 407 (3d Cir. 1997).

59. In deciding sexual harassment cases under the Pennsylvania Human Relations Act (PHRA), Pennsylvania courts look to federal court decisions interpreting Title VII. *Philadelphia Housing Authority v. American Federation of State, County and Municipal Employees,* 956 A.2d 477 (Pa. Commw. Ct. 2008), order aff'd, 617 Pa. 69, 52 A.3d 1117 (2012).

60. Thus, State Courts have also opined that in order to bring a successful hostile work environment claim against an employer, the following elements must be met;

(1) the employee suffered intentional discrimination because of the employee's sex;

(2) the discrimination was pervasive and regular;

(3) the discrimination detrimentally affected the plaintiff;

(4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and

(5) respondeat superior liability existed.

*Stoud v. Susquehanna County,* 471 F. Supp. 3d 606 (M.D. Pa. 2020)

61. In the case at issue, Plaintiff suffered intentional discrimination because of her sex. As stated previously, throughout Plaintiff's employment as Defendant's, Red Lobster Restaurants LLC, "Food Expeditor" and "Service Attendant", Defendant, Sam El Ayazra, repeatedly made degrading comments of a sexual nature to and about Plaintiff in an offensive manner, touched Plaintiff in an unwelcome fashion, ordered Plaintiff not to speak to other employees with regard to such conduct, interfered with Plaintiff's personal life, leered at Plaintiff in a sexually suggestive fashion, attempted to display sexually suggestive pictures to Plaintiff, and made sexually suggestive comments about the pictures, all of which constituted unlawful sexual harassment on the basis of her sex.

62. In the case at issue, the discrimination against Plaintiff by the Defendants employee, Sam El Ayazra, was severe in nature and regularly occurred while Plaintiff was working her scheduled shifts.

63. In the case at issue, the discrimination against the Plaintiff by the Defendants employee, Sam El Ayazra, caused the Plaintiff to eventually resign from such employment and seek trauma therapy from a licensed therapist.

64. In the case at issue, such discrimination against Plaintiff would detrimentally affect a reasonable person of the same sex in that position. Moreover, Plaintiff endured such traumatic sexual conduct nearly each time she worked her shift.

65. In the case at issue, respondeat superior liability exists for Defendant, Red Lobster Restaurants LLC, because Defendant knew or should have known about such sexual conduct committed by Defendant Employee, Sam El Ayazra, against both Plaintiff and others. Moreover, Defendant, Red Lobster Restaurants LLC, failed to monitor Defendant's General Manager and failed to stop such sexual harassment.

66. Plaintiff alleges that by its failure to prevent or correct the discrimination and sexual harassment of Plaintiff by its agent and employee, as alleged above, Defendant, Red Lobster Restaurants LLC, acted to condone and ratify such conduct with the knowledge that such ratification would thus interfere with Plaintiff's employment and ability to continue her career with defendant Red Lobster Restaurants LLC.

67. As a result of Defendants' unlawful conduct as alleged in this complaint, Plaintiff was forced to terminate her employment with Defendant, Red Lobster Restaurants LLC, resulting in the loss of substantial employment benefits with Defendant, including lost wages, bonuses, and other losses, in an amount in excess of Fifty Thousand ($50,000.00) dollars, the precise amount of which will be proven at the time of trial.

68. As a further direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time and the amount of damages caused thus is not yet fully ascertained but is in an amount in excess of Fifty Thousand ($50,000.00) dollars, the precise amount to be proven at the time of trial. Plaintiff claims that amount together with prejudgment interest pursuant to Under 43 P.S. § 951 or any other provision of law providing for prejudgment interest.

69. The conduct of Defendant, Red Lobster Restaurants LLC, as described in this complaint was oppressive, fraudulent, and malicious, thus entitling Plaintiff to an award of punitive damages in an amount appropriate to punish and make an example of Defendant.

WHEREFORE, Plaintiff requests judgment against Defendant, for:
A. Compensatory damages, including lost wages and benefits, and emotional distress damages, in excess of Fifty Thousand Dollars ($50,000.00) and according to proof;
B. Punitive damages;
C. Prejudgment interest on all amounts claimed; and
D. Such other and further relief as the court considers just and proper.

### Count III-Negligent Supervision
### Alina J. Dinert vs. Red Lobster Restaurants LLC

70. The averments set forth in the foregoing Paragraphs of this Complaint are incorporated herein by reference as if set forth in full.

71. Under Pennsylvania law, to support a negligent supervision claim under Pennsylvania law, a plaintiff must show that his loss resulted from: "(1) a failure to exercise ordinary care to prevent an intentional harm by an employee acting outside the scope of his employment; (2) that is committed on the employer's premises; (3) when the employer knows or has reason to know of the necessity and ability to control the employee." *Belmont v. MB Inv. Partners*, 708 F.3d 470, 487–88 (3rd Cir. 2013).

72. Further, a claim for negligent supervision also requires the four elements of common law negligence, i.e., duty, breach, causation, and damages. *Id.*

73. In addition, a plaintiff bringing a negligent supervision claim must satisfy two separate foreseeability requirements: (1) the employer may be liable for negligence only if it knew or should have known of the necessity for exercising control of its employee; and (2) the harm that the improperly supervised employee caused to the plaintiff must also have been reasonably foreseeable. *Id.*

74. In the case at issue, Defendant, Red Lobster Restaurants LLC, failed to exercise ordinary care to prevent an intentional harm by an employee, Defendant and General Manager Sam El Ayazra, who was acting outside the scope of his employment, by failing to monitor such General Manager as well as failing to provide employees with the necessary training and resources to report such conduct.

75. Further, in the case at issue, much of Defendant and employee, Sam El Ayazra's, conduct took place on Defendant, Red Lobster Restaurants LLC, property.

76. Moreover, in the case at issue, Defendant knew or had reason to know of the inherent risk of sexual conduct between employees and therefore attempted to create policies to deter such conduct, including employee supervisors and managers.

77. Further, in the case at issue, Defendant, Red Lobster Restaurants LLC, had a duty to prevent and deter a hostile work environment at such location at issue and therefore monitor its employees to prevent sexual harassment.

78. In the case at issue, Defendant, Red Lobster Restaurants LLC, failed to prevent and protect such employees including Plaintiff from unwanted sexual advancements from other employees and supervisors.

79. Here, Defendant, Red Lobster Restaurants LLC, should have known of the necessity for exercising control of its employee given the fact that little to no oversight existed with regard to this employee resulting in unwanted sexual advancements against Plaintiff and other employees by, employee and General Manager, Sam El Ayazra.

80. Further, in the case at issue, it was clearly and reasonably foreseeable that due to Defendant, Red Lobster Restaurants LLC's breach of duty and failure to supervise its employee, Sam El Ayazra, Plaintiff and other employees suffered damages.

81. As a further direct and proximate result of Defendant's unlawful conduct, Plaintiff has
suffered extreme and severe anguish, humiliation, emotional distress, nervousness,
tension, anxiety, and depression, the extent of which is not fully known at this time and
the amount of damages caused thus is not yet fully ascertained but is in an amount in
excess of Fifty Thousand ($50,000.00) dollars, the precise amount to be proven at the
time of trial. Plaintiff claims that amount together with prejudgment interest pursuant to
Under 43 P.S. § 951 or any other provision of law providing for prejudgment interest.

WHEREFORE, Plaintiff requests judgment against Defendant, for:
A. Compensatory damages, including lost wages and benefits, and emotional distress
damages, in excess of Fifty Thousand Dollars ($50,000.00) and according to proof;
B. Punitive damages;
C. Prejudgment interest on all amounts claimed; and
D. Such other and further relief as the court considers just and proper.

## Count IV-Negligence
## Alina J. Dinert vs. Red Lobster Restaurants LLC

82. The averments set forth in the foregoing Paragraphs of this Complaint are incorporated
herein by reference as if set forth in full.

83. Under Pennsylvania law, in order to establish a claim for negligence, a plaintiff must
prove the following elements: "(1) the defendant owed a duty to the plaintiff; (2) the
defendant breached that duty; (3) a causal relationship between the breach and the
resulting injury suffered by the plaintiff; and (4) actual loss suffered by the plaintiff."
*Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1126 (Pa.Super.2004) (citing
*Burman v. Golay & Co., Inc.*, 420 Pa.Super. 209, 616 A.2d 657 (1992).

84. In the case at issue Defendant, Red Lobster Restaurants LLC, owed a duty to its
employee, Plaintiff, by establishing a safe and harassment-free workplace and

establishing safeguards to prevent workplace sexual harassment in compliance with 43

P.S. § 955 (b).

85. Defendant, Red Lobster Restaurants LLC, breached such duty by failing to monitor its

general manager, Defendant Sam El Ayazra, resulting in workplace sexual harassment in

such facility.

86. Defendant, Red Lobster Restaurants LLC, further breached such duty by failing to

adequately establish safeguards to prevent sexual harassment among its employees.

87. Defendant, Red Lobster Restaurants LLC, breach of its duties is the actual cause of

Plaintiff's damages.

88. Defendant, Red Lobster Restaurants LLC, breach of its duties it is the proximate cause of

Plaintiff's damages.

89. As a further direct and proximate result of Defendant's unlawful conduct, Plaintiff has

suffered extreme and severe anguish, humiliation, emotional distress, nervousness,

tension, anxiety, and depression, the extent of which is not fully known at this time and

the amount of damages caused thus is not yet fully ascertained but is in an amount in

excess of Fifty Thousand ($50,000.00) dollars, the precise amount to be proven at the

time of trial. Plaintiff claims that amount together with prejudgment interest pursuant to

Under 43 P.S. § 951 or any other provision of law providing for prejudgment interest.

WHEREFORE, Plaintiff requests judgment against Defendant, for:
A. Compensatory damages, including lost wages and benefits, and emotional distress
damages, in excess of Fifty Thousand Dollars ($50,000.00) and according to proof;
B. Punitive damages;
C. Prejudgment interest on all amounts claimed; and
D. Such other and further relief as the court considers just and proper.

## Count V-Intentional Infliction of Emotional Distress
## Alina J. Dinert vs. Sam El Ayazra

90. The averments set forth in the foregoing Paragraphs of this Complaint are incorporated herein by reference as if set forth in full.

91. Under Pennsylvania law, the elements of intentional infliction of emotional distress are: (1) a person who by extreme and outrageous conduct (2) intentionally or recklessly causes (3) severe emotional distress to another. *Carson v. City of Philadelphia*, 133 Pa.Cmwlth. 74, 574 A.2d 1184 (1990).

92. In the case at issue, Plaintiff's description of Defendant, Sam El Ayazra, sexual harassment of the Plaintiff constitutes extreme and outrageous conduct.

93. Further, such sexual harassment by the Defendant, Sam El Ayazra, was clearly intentional conduct under Pennsylvania law.

94. As stated above, such intentional conduct caused severe emotional distress to Plaintiff.

95. Plaintiff has suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time and the amount of damages caused thus is not yet fully ascertained but is in an amount in excess of Fifty Thousand ($50,000.00) dollars, the precise amount to be proven at the time of trial.

WHEREFORE, Plaintiff requests judgment against Defendant, for:

A. Compensatory damages, including lost wages and benefits, and emotional distress damages, in excess of Fifty Thousand Dollars ($50,000.00) and according to proof;
B. Punitive damages;
C. Prejudgment interest on all amounts claimed; and
D. Such other and further relief as the court considers just and proper.

## Count VI-Battery
## Alina J. Dinert vs. Sam El Ayazra

96. The averments set forth in the foregoing Paragraphs of this Complaint are incorporated herein by reference as if set forth in full.

97. Under Pennsylvania law, battery is defined by law as harmful or offensive contact with the person of another. *Dull v. West Manchester Tp. Police Dept.*, 604 F. Supp. 2d 739 (M.D. Pa. 2009) (applying Pennsylvania law).

98. Additionally, the definition of battery requires that the offensive contact is not consented to by the other and is not otherwise privileged. *Com. v. Gregory*, 132 Pa. Super. 507, 1 A.2d 501 (1938).

99. In the case at issue, Defendant, Sam El Ayazra, committed unwanted touching against Plaintiff as described above.

100. Defendant's conduct was not consented to by Plaintiff.

101. Plaintiff has suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time, and the amount of damages caused thus is not yet fully ascertained but is in an amount in excess of Fifty Thousand ($50,000.00) dollars, the precise amount to be proven at the time of trial.

WHEREFORE, Plaintiff requests judgment against Defendant, for:

A. Compensatory damages, including lost wages and benefits, and emotional distress damages, in excess of Fifty Thousand Dollars ($50,000.00) and according to proof;
B. Punitive damages;
C. Prejudgment interest on all amounts claimed; and
D. Such other and further relief as the court considers just and proper.

### Count VII- Violation of 43 P.S. § 955 (b)-Constructive Discharge
### Alina J. Dinert vs. Red Lobster Restaurants LLC

102. The averments set forth in the foregoing Paragraphs of this Complaint are incorporated

herein by reference as if set forth in full.

103. Under 43 P.S. § 955 (b):

It shall be an unlawful discriminatory practice, unless based upon a bona fide
occupational qualification, or in the case of a fraternal corporation or association, unless
based upon membership in such association or corporation, or except where based upon
applicable security regulations established by the United States or the Commonwealth of
Pennsylvania:

(a) For any employer because of the race, color, religious creed, ancestry, age, sex,
national origin or non-job related handicap or disability or the use of a guide or support
animal because of the blindness, deafness or physical handicap of any individual or
independent contractor, to refuse to hire or employ or contract with, or to bar or to
discharge from employment such individual or independent contractor, or to otherwise
discriminate against such individual or independent contractor with respect to
compensation, hire, tenure, terms, conditions or privileges of employment or contract, if
the individual or independent contractor is the best able and most competent to perform
the services required.

43 Pa. Stat. Ann. § 955.

104. Constructive discharge occurs only when an employer knowingly permitted conditions

of discrimination in employment so intolerable that a reasonable person subject to them

would resign. *Nagle v. RMA. The Risk Management Ass'n*, 513 F. Supp. 2d 383 (E.D.

Pa. 2007); *Raya and Haig Hair Salon v. Pennsylvania Human Relations Com'n*, 915

A.2d 728 (Pa. Commw. Ct. 2007).

105. Intolerability of conditions supporting a claim of constructive discharge in the

employment discrimination context is not established by showing that an employee

subjectively felt compelled to resign as presumably every resignation occurs because an

employee believes that it is in the employee's best interest to do so; instead, the courts

should assess intolerability by the objective standard of whether a reasonable person in employee's position would have felt compelled to resign, i.e., a reasonable person would have had no choice but to resign. *Nagle v. RMA, The Risk Management Ass'n*, 513 F. Supp. 2d 383 (E.D. Pa. 2007).

106. In the case at issue Defendant, Red Lobster Restaurants LLC, failed to monitor Defendant, and General Manager Sam El Ayazra, thus knowingly creating a workplace atmosphere that was so intolerable and would have caused a reasonable person subject to them to resign from said position.

107. As stated previously, Plaintiff was forced to endure months of unwanted sexual harassment in order to obtain her position.

108. Plaintiff has suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time, and the amount of damages caused thus is not yet fully ascertained but is in an amount in excess of Fifty Thousand ($50,000.00) dollars, the precise amount to be proven at the time of trial.

WHEREFORE, Plaintiff requests judgment against Defendant, for:

A. Compensatory damages, including lost wages and benefits, and emotional distress damages, in excess of Fifty Thousand Dollars ($50,000.00) and according to proof;
B. Punitive damages;
C. Prejudgment interest on all amounts claimed; and
D. Such other and further relief as the court considers just and proper.

Watson Mundorff, LLP

By:_____
          David D. Tamasy, Esquire
          Attorney for Plaintiff

# **VERIFICATION**

I, <u>Alina J. Dinert</u>, verify that the averments of fact made in this Complaint are true and correct and based on my personal knowledge, information and belief.  I understand that the averments of fact in this said document are made subject to the penalties of 18 Pa. C. S. Sec. 4904 relating to unsworn falsification to authorities.

DATE: 12|6|22

Alina J. Dinert

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of The Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Watson Mundorff, LLP

Signature: *David D. Tamasy*

Name: David D. Tamasy

Attorney No. (if applicable):  328770

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

| Pennsylvania Human Relations Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(Indicate Mr., Ms., Mrs.)*<br>Miss Alina J. Dinert | Home Phone *(Incl. Area Code)*<br>(724) 557-8644 | Date of Birth<br>08-18-2004 |
|---|---|---|

Street Address
205 Cope Road Perryopolis, Pennsylvania 15473
*City, State and ZIP Code*

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name<br>Red Lobster | No. Employees, Members<br>+15 | Phone No. *(Incl. Area Code)*<br>(724) 438-2852 |
|---|---|---|

Street Address
515 West Main Street Uniontown, PA 15401
*City, State and ZIP Code*

| Name | No. Employees, Members | Phone No. *(Incl. Area Code)* |
|---|---|---|

Street Address                                             *City, State and ZIP Code*

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Apr 1, 2021   Latest: Sep 17, 2021
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On March 4, 2021 I was hired by the Red Lobster Corporation in Uniontown Pennsylvania. The man who hired me was the general manager named Sam El-Ayazra. Two weeks after starting, I realized that Sam was treating me differently than my other co-workers. Sam was providing me with free food and bean to kiss me on the hand. On April of 2021 Sam began to grab my waist and continued to touch me inappropriately despite my refusal of his advances.

In May of 2021, Sam began to send me inappropriate text messages as well despite my requests that he cease these messages. Moreover, in June of 2021 Sam began to grab my butt without permission. Again, requested that Sam cease these actions. However, he persisted. In the beginning of August, Sam provided me with a significant raise of $1.50 and told me not to tell anyone about the raise. Despite my best efforts and refusal, Sam continued to touch, kiss and put his hand under my shirt.

Because Sam was the general manager of the restaurant, I did not have anyone to report this to. Additionally, I did not receive any training or information to report such sexual harassment behavior. On September 17, 2021, I could no longer tolerate the hostile environment that I was apart of and resigned from my position.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State or Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>5/23/22<br>Date            *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EXHIBIT
A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☐ EEOC | |

and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

5/23/22

Date | Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging party and respondent and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Pittsburgh Area Office
1000 Liberty Avenue ,Suite 1112
Pittsburgh, PA 15222
(412) 588-6905
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

### (This Notice replaces EEOC FORMS 161 & 161-A)

To: Alina J. Dinert
205 Cope Road
Perryopolis, PA 15473

Re: Alina J. Dinert v. RED LOBSTER
EEOC Charge Number: 533-2022-00520

EEOC Representative and phone:       Philadelphia Legal Unit, (267) 589-9700

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Deborah A. Kane
Fri Sep 09 00:00:00 EDT 2022
Deborah A. Kane
Area Director

CC:



## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this** Notice. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### PRIVATE SUIT RIGHTS --       Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.  Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 533-2022-00520 to the District Director at Jamie Williamson, 801 Market St Suite 1000 Philadelphia, PA 19107. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.

# SHERIFF'S OFFICE OF FAYETTE COUNTY

**James Custer**
*Sheriff*

**Ricki Murray**
*Chief Deputy of Administration*

**Vincent J Roskovensky, II**
*Solicitor*

**Morgan Wiltrout**
*Administrative Support Clerk*

---

ALINA J DINERT
vs.
RED LOBSTER RESTAURANTS, LLC C/O CORPORATE CREATIONS NETWORK, INC

**Case Number**
2363 OF 2022 GD

---

## SHERIFF'S RETURN OF SERVICE

12/12/2022   I, SHERIFF JAMES CUSTER HEREBY REQUESTS THAT THE SHERIFF OF ERIE COUNTY, PENNSYLVANIA TO SERVE THE WITHIN COMPLAINT & NOTICE ACCORDING TO LAW, ON RED LOBSTER RESTAURANTS, LLC C/O CORPORATE CREATIONS NETWORK, INC AT 1001 STATE ST, #1400, ERIE, PA 16501.

12/20/2022   03:06 PM - THE REQUESTED COMPLAINT & NOTICE SERVED BY THE SHERIFF OF ERIE COUNTY UPON EVELYN MURPHY, WHO ACCEPTED FOR RED LOBSTER RESTAURANTS, LLC C/O CORPORATE CREATIONS NETWORK, INC, AT 1001 STATE ST, #1400, ERIE, PA 16501. SHERIFF RETURN OF SERVICE ATTACHED TO AND MADE PART OF THE WITHIN RECORD.

SHERIFF COST: $38.00

SO ANSWERS,

January 03, 2023

JAMES CUSTER, SHERIFF

### COSTS

| DATE | CATEGORY | MEMO | CHK # | DEBIT | CREDIT |
|------|----------|------|-------|-------|--------|
| 12/12/2022 | Advance Fee | Advance Fee | 4549 | $0.00 | $150.00 |
| 12/27/2022 | Docket & Receiving | | | $9.00 | $0.00 |
| 12/27/2022 | Deputization Fee | | | $9.00 | $0.00 |
| 12/27/2022 | Surcharge | | | $18.00 | $0.00 |
| 12/27/2022 | Service (Out of County) | ERIE CO. $68.00 | | $0.00 | $0.00 |
| 12/27/2022 | Postage | | | $2.00 | $0.00 |
| 01/03/2023 | Refund | | | $112.00 | $0.00 |
| | | | | $150.00 | $150.00 |
| | | | BALANCE: | $0.00 | |

FILED
2023 JAN -3 AM 10: 21
FAYETTE COUNTY
PROTHONOTARY

# SHERIFF'S OFFICE OF ERIE COUNTY

**CHRIS CAMPANELLI**
*Sheriff*



**FORGED WITH PRIDE**

**DOUGLAS A. KUBIAK**
*Chief Deputy*

**HEIDI THOMAS**
*Sergeant*

| ALINA J DINERT | Case Number |
| vs. | 2022-2363M |
| RED LOBSTER RESTAURANTS LLC | |

## SHERIFF'S RETURN OF SERVICE

12/20/2022   03:06 PM - Deputy Anthony Rekitt, being duly sworn according to law, served the requested Complaint & Notice by handing  a true copy to a person representing themselves to be EVELYN MURPHY , who accepted as "Adult Person in Charge" for RED LOBSTER RESTAURANTS LLC at C/O CORPORATE CREATIONS NETWORK, 1001 STATE ST # 1400. ERIE, PA 16501.

_____
ANTHONY REKITT, DEPUTY

SHERIFF COST: $68.00

SO ANSWERS,

December 21, 2022

_____
CHRIS CAMPANELLI, SHERIFF

Commonwealth of Pennsylvania - Notary Seal
Barbara D. Turner, Notary Public
Erie County
My commission expires April 7, 2023
Commission number 1169390
Member, Pennsylvania Association of Notaries

**NOTARY**

Affirmed and subscribed to before me this

21st  day of  December , 2022

_____
**WATSON MUNDROFF LLP, Plaintiff Attorney**
(c) CountySuite Sheriff, Teleosoft, Inc.

# IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA
## CIVIL DIVISION

ALINA J. DINERT,

           Plaintiff,

v.

RED LOBSTER RESTAURANTS LLC
And SAM EL AYAZRA,

           Defendant.

Case No. 2022-2363M

**EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT PURSUANT TO PA. R.C.P. 1003**

**<u>Counsel of Record for Plaintiff</u>**
David D. Tamasy, Esquire
PA I.D. #328770
Watson Mundorff, LLP.
720 Vanderbilt Road
Connellsville, PA 15425
Phone: (724) 200-4448
david@watsonmundorff.com

Shane M. Gannon, Esquire
PA I.D.  314803
Watson Mundorff, LLP.
720 Vanderbilt Road
Connellsville, PA 15425
Phone: (724) 626-8882
shane@watsonmundorff.com

**<u>Counsel of Record for Defendant Red Lobster Restaurants LLC</u>**
Joyce Ackerbaum Cox*
Nailah Bowen*
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: (407) 649-4000
jacox@bakerlaw.com
nbowen@bakerlaw.com
*Not admitted in PA, Pro Hac Vice forthcoming

Alyse F. Stach (PA 328562)
BAKER & HOSTETLER LLP
1735 Market Street – Suite 3300

Date Motion Served:

<u>January 9, 2023</u>

Philadelphia, PA 19103-7501
T: (215) 564-5768
astach@bakerlaw.com

I, <u>ALYSE F. STACH, ESQ</u>. HEREBY CERTIFY THAT THIS EMERGENCY MOTION
REQUESTS RELIEF FOR A CASE THAT HAS NEVER APPEARED ON ANY PUBLISHED
TRIAL LIST, HAS NOT BEEN DESIGNATED COMPLEX, AND OR COMPLEX
DESIGNATION IS NOT PENDING.

## IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA
## CIVIL DIVISION

ALINA J. DINERT,

        Plaintiff,

v.

RED LOBSTER RESTAURANTS LLC
And SAM EL AYAZRA,

        Defendant.

Case No. 2022-2363M

**EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT PURSUANT TO PA. R.C.P. 1003**

      AND NOW COMES DEFENDANT, Red Lobster Restaurants LLC ("Defendant"), by its counsel, Baker & Hostetler, LLP, and brings the following Emergency Motion for an Extension of Time to Respond to Complaint Pursuant to PA. R.C.P. 1003, stating as follows:

1. On December 8, 2022, Plaintiff filed the Complaint.

2. Defendant was served with a copy of the Summons and Complaint on December 20, 2022.

3. The date by which Defendant must respond to the Complaint is January 9, 2023.

4. Defendant's counsel first requested from Plaintiff's counsel an extension of time to respond to the Complaint on January 3, 2023. Defendant's counsel followed up with Plaintiff's counsel about this request on January 4th and January 5th by email and again on January 6th by phone and email.

5. On January 6, 2023 at 4:38 P.M., Plaintiff's counsel stated that they agree to an extension of time until January 30th for Defendant to file an answer, but they do not agree to an extension of time to file "preliminary objections to [the] complaint or a motion to compel arbitration."

6. Defendant does not agree to Plaintiff's stipulations for an extension of time, as Plaintiff signed an arbitration agreement and Defendant is still gathering information relating to Plaintiff's

claims and her objection to arbitration. Accordingly, a brief extension is required for Defendant to file a response to the Complaint, up to and including, January 30, 2023.

WHEREFORE, Defendant respectfully requests that the Court grant Defendant's Emergency Motion for an Extension of Time to Respond to Complaint Pursuant to PA. R.C.P. 1003 until January 30, 2023.

Dated: January 9, 2023

*/s/ Alyse F. Stach*
Joyce Ackerbaum Cox*
Nailah Bowen*
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: (407) 649-4000
jacox@bakerlaw.com
nbowen@bakerlaw.com
*Not admitted in PA, Pro Hac Vice forthcoming

Alyse F. Stach (PA 328562)
BAKER & HOSTETLER LLP
1735 Market Street – Suite 3300
Philadelphia, PA 19103-7501
T: (215) 564-5768
F: (215) 568-3439
astach@bakerlaw.com

*Attorneys for Defendant Red Lobster Restaurants LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Emergency Motion for an

Extension of Time to Respond to Complaint Pursuant to PA. R.C.P. 1003 was served upon counsel

for Plaintiff on this January 9, 2023 via electronic mail, addressed as follows:

David D. Tamasy, Esquire
PA I.D. #328770
Watson Mundorff, LLP.
720 Vanderbilt Road
Connellsville, PA 15425
Phone: (724) 200-4448
david@watsonmundorff.com

Shane M. Gannon, Esquire
PA I.D.  314803
Watson Mundorff, LLP.
720 Vanderbilt Road
Connellsville, PA 15425
Phone: (724) 626-8882
shane@watsonmundorff.com


*/s/ Alyse F. Stach*

**IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

ALINA J. DINERT,

          Plaintiff,

v.

RED LOBSTER RESTAURANTS LLC
And SAM EL AYAZRA,

          Defendant.

Case No. 2022-2363M

**EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT PURSUANT TO PA. R.C.P. 1003**

AND NOW, this _____ day of _____, 2023, it is hereby ORDERED that Defendant Red Lobster Restaurants LLC's Emergency Motion for an Extension of Time to Respond to Complaint Pursuant to PA. R.C.P. 1003 GRANTED. Defendant may file its response to Plaintiff's Complaint on or by January 30, 2023.

BY THE COURT:

_____,

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

CIVIL DIVISION

## NOTICE OF ORDER

NO. 2363 of 2022 G.D.

Alina J Dinert

**PLAINTIFF(S)**

VS

Red Lobster Restaurants LLC

**DEFENDANT(S)**   Sam El Ayazra

Plaintiff(s):
David Tamasy

Defendant(s):
Alyse F Stach           xx  Sam El Ayazra-Address
                         not listed

You are hereby notified that the following Order has been entered on you on

1/13/23           , in the above case.

Nina Capuzzi Frankhouser, Prothonotary

BY: K. Yourchik

MAILED: 1/13/23

(6/17)

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA
CIVIL DIVISION

ALINA J. DINERT,

        Plaintiff,

v.

RED LOBSTER RESTAURANTS LLC
And SAM EL AYAZRA,

        Defendant.

Case No. 2022-2363M

**EMERGENCY MOTION FOR EXTENSION
OF TIME TO RESPOND TO COMPLAINT
PURSUANT TO PA. R.C.P. 1003**

AND NOW, this _11th_ day of _Jan._____, 2023, it is hereby ORDERED that

Defendant Red Lobster Restaurants LLC's Emergency Motion for an Extension of Time to

Respond to Complaint Pursuant to PA. R.C.P. 1003 GRANTED. Defendant may file its response

to Plaintiff's Complaint on or by January 30, 2023.

BY THE COURT:

_Linda R Cordaro_

2023 JAN 13 AM 8: 34
FAYETTE COUNTY
PROTHONOTARY
FILED